UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYLE PARKER and
AMY PARKER,

    Plaintiffs,                                              Case No. 11-11540

v.                                                         Hon. John Corbett O'Meara

CHASE HOME FINANCE, LLC,

    Defendant.
_____/

**ORDER GRANTING PLAINTIFFS' MOTION
TO EQUITABLY TOLL THE STATUTORY REDEMPTION PERIOD**

        Before the court is Plaintiffs' motion to toll the statutory redemption period, filed June 17, 2011. Defendant submitted a response on July 5, 2011. Plaintiffs filed a reply brief on July 6, 2011. The court did not hear oral argument.

        In this action, Plaintiffs Darryle Parker and Amy Parker are challenging Defendant Chase Home Finance LLC's foreclosure of their home. Among other things, the Parkers allege that Chase misrepresented that foreclosure proceedings were "on hold" pending the processing of the Parkers' loan modification application. The Parkers contend that Chase never made a determination on the loan modification application and that, despite its representation to the contrary, Chase began foreclosure proceedings without notice. The Parkers' home was sold at a sheriff's sale on January 13, 2011. At the time, the Parkers believed that Chase was still considering their loan modification application. See Pls.' Exs. 1 and 2 at ¶ 23. The property is now in the statutory redemption period, which expires July 13, 2011. The Parkers seek to equitably toll the redemption period during the pendency of this litigation.

Under Michigan law, the statutory redemption period may be equitably tolled only upon "a clear showing of fraud, or irregularity." Schulthies v. Barron, 16 Mich. App. 246, 247-48 (1969). In its response, Chase does not dispute the facts as presented by the Parkers in their affidavits. Further, Chase "concedes that the relief sought by Plaintiffs is within the Court's discretion, and it will not object if the Court were to order same." Def.'s Br. at 2. For the purposes of this motion, the court finds that the Parkers have made a sufficiently clear showing of fraud or irregularity to warrant the equitable tolling of the redemption period.

Therefore, IT IS HEREBY ORDERED that Plaintiffs' motion to equitably toll the statutory redemption period is GRANTED. The statutory redemption period is tolled during the pendency of this case or until further order of the court.

          s/John Corbett O'Meara
          United States District Judge

Date: July 7, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, July 7, 2011, using the ECF system.

          s/William Barkholz
          Case Manager