UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYLE PARKER and
AMY PARKER,

        Plaintiffs,

v.

CHASE HOME FINANCE, L.L.C.,

        Defendant.
_____/

Case No. 11-11540

Hon. John Corbett O'Meara

## ORDER GRANTING DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

Before the court is Defendant's motion for summary judgment, filed August 22, 2013. Plaintiffs filed their own motion for judgment on August 26, 2013, to which Defendant responded on September 18, 2013. Pursuant to L.R. 7.1(f)(2), the court did not hear oral argument.

## BACKGROUND FACTS

Plaintiffs brought this wrongful foreclosure action on April 11, 2011, against Defendant Chase Home Finance, LLC.[1] In the complaint, Plaintiffs sought to have the January 13, 2011 foreclosure sale set aside and also sought a modification of their mortgage loan under the Home Affordable Modification Program ("HAMP"). Plaintiffs' complaint contains the following causes of action: Count I, improper

---

[1] Defendant is JPMorgan Chase Bank, National Association, successor by merger to Chase Home Finance LLC.

foreclosure; Count II, promissory estoppel; Count III, fraud, negligent misrepresentation, and innocent misrepresentation; Count IV, silent fraud; Count V, breach of contract; Count VI, breach of fiduciary duty; Count VII, declaratory relief; and Count VIII, breach of public policy. Plaintiffs contend that while the parties were in the midst of negotiating a loan modification, Chase proceeded with foreclosure proceedings without notice to Plaintiffs.

While this case was pending and Plaintiffs were represented by counsel, Chase granted Plaintiffs' request for a HAMP loan modification in September 2012. See Def.'s Ex. C. In signing the loan modification, Plaintiffs agreed that they were in default and that the new principal balance of the note would be $199,837.64 as of September 1, 2012. The parties also agreed to rescind the Sheriff's Sale; the court entered an order to that effect on December 28, 2012.

Defendant has moved for summary judgment, arguing that Plaintiffs' claims related to the foreclosure, sheriff's sale, or loan modification are moot. Defendant further argues that Plaintiffs' remaining claims fail as a matter of law. See Def.'s Br. at 5-17. Plaintiffs have not directly responded to Defendant's motion for summary judgment, but have filed their own motion for judgment. Plaintiffs seek reimbursement for legal fees incurred in this matter and to challenge certain provisions of the loan modification they signed in September 2012.

## **LAW AND ANALYSIS**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When reviewing a motion for summary judgment, the facts and any reasonable inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The party opposing summary judgment, however, must present more than a "mere scintilla" of evidence; the evidence must be such that a reasonable jury could find in favor of the plaintiff. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

Defendant has submitted a properly supported motion for summary judgment, which Plaintiffs have not contested. Plaintiffs received a loan modification and a rescission of the foreclosure sale, which is the essence of the relief sought in their complaint. Having reviewed Defendant's motion, the court concludes that Plaintiffs' claims must be dismissed as moot or because they are not legally supportable.

Plaintiffs seek legal fees and have expressed dissatisfaction with the loan modification they entered into in September 2012. Generally under the "American rule," each party to litigation is responsible for their own attorney fees, unless there

is statutory or other authority providing otherwise.  See Alyeska Pipeline Serv. Co. v. Wilderness Society, 421 U.S. 240 (1975).  Plaintiffs have not identified, and the court is not aware of, any statutory or other authority for an award of attorney fees under the circumstances presented here.

With respect to the loan modification agreement, Plaintiffs argue that their principal balance should have been reduced based upon 2012 National Mortgage Settlement.  See Pl.'s Exs. 3,4.  Plaintiffs cannot obtain relief from the terms of their loan modification agreement here for two reasons: first, this claim was not pleaded in their complaint; and second, this court is without jurisdiction to enforce the National Mortgage Settlement, which is enforced through a consent judgment entered in the United States District Court for the District of Columbia.  See Pl.'s Ex. 4.  Plaintiffs have not provided a legal basis for the court to invalidate or alter the terms of their loan modification agreement.

## ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's motion for summary judgment is GRANTED and Plaintiffs' complaint is DISMISSED.

s/John Corbett O'Meara<br>
United States District Judge

Date:  October 31, 2013

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 31, 2013, using the ECF system and/or ordinary mail.

                                                s/William Barkholz
                                                Case Manager